IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BILLY G. ASEMANI, # 339-096
    Petitioner

v.

FRANK BISHOP,
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND,
    Respondents.

CIVIL ACTION No. RDB-13-925

\*\*\*\*\*\*

## MEMORANDUM OPINION

Respondents have filed a limited answer (ECF 13) seeking dismissal of Billy G. Asemani's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, as time-barred and for lack of exhaustion (ECF 13). Asemani has replied.[1] (ECF 17 and 29). The matter is ripe for disposition as there is no need for an evidentiary hearing. *See* Local Rule 105.6. (D. Md. 2011); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For reasons to follow, the Petition will be DISMISSED as time-barred.

### BACKGROUND

Asemani is challenging his conviction entered in the Circuit Court for Howard County after he pleaded guilty on April 26, 2006, to attempted second-degree murder. (ECF 1). Asemani claims that his trial counsel provided ineffective assistance by failing to have a DNA analysis conducted on a crucial piece of evidence prior to advising him to plead guilty. (ECF 1 at 6).

---

[1] Asemani is an inmate at Western Correctional Institution in Cumberland, Maryland.

On October 18, 2006, Asemani was sentenced by the Circuit Court for Howard County to 30 years of incarceration. (ECF 1, Attachment 1). Asemani did not file an application for leave to appeal the entry of his plea. *Id.*

On October 25, 2006, Asemani filed a Motion to Reconsider Sentence that was held *sub curia*. *Id.* Attachment at 8. The State filed an Answer requesting denial of the Motion. *Id.* at 8-9. The Motion was denied on October 3, 2011. *Id.* at 57.

Asemani filed an Application for Review of Sentence filed on November 2, 2006. *Id.* at 9. It was denied on February 16, 2007. *Id.*

On April 9, 2007, Asemani's case was reopened for post-conviction purposes. *Id.* at 10.[2] On October 13, 2011, Asemani filed a Motion to Withdraw his Post-Conviction Petition without prejudice. *Id.* at 57. On October 17, 2011, the court granted Asemani's motion to withdraw the Post-Conviction Petition. *Id.*[3]

On January 3, 2008, Asemani filed a habeas petition in the Circuit Court for Howard County. *Id.* at 29. On December 1, 2011, Asemani moved for resolution of the "pending petition for writ of habeas corpus," and the State responded to the motion. *Id.* at 57-58. Asemani withdrew the Petition without prejudice on April 3, 2012. *Id.* at 59.

On May 17, 2012, Asemani filed a Motion to Correct an Illegal Sentence, which was denied on June 29, 2012. Asemani did not appeal the denial, and it became final on Monday, July 30, 2012. *Id.* at 60-61.

---

[2] Respondents accurately observe that since that time Asemani has "deluged" the circuit court with filings. (ECF No. 13, Memorandum at 31; ECF 1, Exhibit 1 at 10-57; ECF 20, Exhibit 1).

[3] On December 1, 2011, Asemani moved for resolution of a "pending petition for writ of habeas corpus," and the State responded to the motion. (ECF 1 at 57). Asemani withdrew that Petition on April 3, 2012. *Id.* at 59.

For purposes of assessing timeliness under 28 U.S.C. § 2244(d)(1)-(2) (1996), this Court will treat the Petition as delivered to prison authorities on the day it was signed and dated by Asemani, March 22, 2013. *See* Rule 3(d), Rules Governing Section 2254 Proceedings (discussing the mailbox rule); *see also United States v. Dorsey*, 988 F.Supp. 917, 919-20 (D. Md. 1998) (rejecting limitations defense due to applicability of mail-box rule to petition filed pursuant to 28 U.S.C. § 2255).

## DISCUSSION

Respondents seek dismissal of the Petition as time-barred, or alternatively based on Asemani's failure to exhaust available state court remedies. Asemani asserts the Petition is timely, and requests that if it is found to contain unexhausted claims, that it be stayed and held in abeyance.

### A. LIMITATIONS PERIOD

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d).[4] The limitations period may be

---

[4] This section provides:
>  (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>  (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

3

statutorily tolled during the time a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. *See id.*

Given the above procedural history, Asemani's judgment of conviction became final on November 17, 2006, when the time for filing an application for leave to appeal entry of his plea expired. *See* Md. Rule 8-204 (stating application for leave to appeal is filed within 30 days of date of judgment). There were no state post-conviction or other collateral proceedings pending in Asemani's case between the following time periods: 1) November 17, 2006, and April 9, 2007 (143 days); 2) October 17, 2011, and May 17, 2012 (213 days); and 3) July 30, 2012, and March 22, 2013 (235 days). These periods combine exceed one year.

In reply, Asemani counters the Petition is timely because his Motion to Reconsider Sentence, filed on October 25, 2006, and which was held sub curia and denied on October 3, 2011, *id.* at 57, tolled the running of the limitations period under the holding in *Wall v Kholi*, 131 S.Ct. 1278 (2011) (ECF 17 at 3-4). He posits that his state habeas motion filed on January 3, 2008, and later withdrawn, also tolled the limitations period. Asemani's assertions are unavailing.

First, Asemani's reliance on *Wall v. Kholi* is misplaced. Asemani's Motion for Reduction or Modification of Sentence under Maryland Rule 4–345, did not toll the limitations period under § 2244(d). *See Roberts v. Maryland*, Civ. No. JKB–11–1227, 2013 WL 5882786, at *2–4 (D. Md. Oct. 28, 2013); Tas*ker v. State*, Civ. No. AW–11–1869, 2013 WL 425040, at *7 (D. Md. Jan. 31, 2013) aff'd, 517 F. App'x 172 (4th Cir. 2013) (ruling *Tasker* waived Fourth Circuit review of issue by failing to include issue in appellate brief).

Challenges to a Maryland state judgment of conviction upon which that custody is based

---

claim is pending shall not be counted toward any period of limitation under this subsection.

4

must pursue relief pursuant to the Maryland's Uniform Post Conviction Procedure Act. *See* Md. Code Ann., Crim. Pro. Art. §§ 7-101 *et seq.* (2013). The Circuit Courts of Maryland have discretion to treat a petition for a writ of habeas corpus as a petition for post-conviction relief in appropriate circumstances. Md. Rule 15-304. 2244(d). In this case, however, there is no indication that Asemani's state habeas corpus petition was treated by the Circuit Court as post-conviction petition.[5]

## B. EQUITABLE TOLLING

A petitioner is entitled to equitable tolling of the limitations period only if he shows " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000).

Asemani maintains his diligent pursuit of his rights is evidenced by his numerous filings in state court since his conviction. (ECF 17). Assuming Asemani's multitude of state court filings demonstrates requisite diligent pursuit, he nonetheless fails to allege or show an extraordinary circumstance stood in his way and prevented timely filing. Consequently, he does not satisfy the criteria for equitable tolling and this Petition will be dismissed as time-barred.[6]

---

[5] In any event, the § 2254 Petition remains untimely even if Asemani's state petition for a Writ of Habeas Corpus were deemed under 28 U.S.C. § 2254(d) to toll the limitations period between December 1, 2011, and April 3, 2012 (124days).

[6] Even if the Petition were timely, Asemani has not satisfied the exhaustion requirement. *See* 28 U.S.C. § 2254(b) and (c); *see also Gray v Netherland*, 518 U.S. 152, 161-65 (1996). Asemani, who has twice withdrawn his state post-conviction petitions, arguably does not present a "mixed petition" situation of exhausted and unexhausted claims appropriate for stay and abeyance under *Rhines v. Weber*, 544 U.S. 269, 277 (2005). "[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state-court ... even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* at 277. Asemani does

5

## CONCLUSION

The Petition will be dismissed as untimely for the above stated reasons. Under Rule 11(a) of the Rules Governing Proceedings under Section 2254, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant ... If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel,* 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. at 484. Petitioner does not satisfy this standard, and the Court declines to issue a certificate of appealability. A separate order follows.

MARCH 31 2014
Date

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

not show good cause for failing to exhaust state remedies, and his generally stated ineffective assistance claim fails to suggest potential merit sufficient to warrant holding this matter in abeyance.

6